UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ARTHUR AARON TUCKER,           )
   Plaintiff,                  )
                               )
vs.                            )      No. 16-3222
                               )
OFFICER ODEAR. et.al.,         )
   Defendants                  )

MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [6]

     Plaintiff originally filed a complaint against various Adams County Jail Defendants in *Tucker v Fisher*, Case No. 16-3078.  On August 4, 2016, the Court found the Plaintiff had combined unrelated claims against different Defendants in one lawsuit. *See* August 4, 2016 Case Management Order.  Therefore, the Clerk of the Court was directed to open this new lawsuit, *Tucker v. Odear*, Case No. 16-3222, against Defendants Odear, Boden, Wear, Venverloh and Robbins. Plaintiff was given 30 days to either pay the filing fee in this case or file a motion to proceed in forma pauperis.

     Plaintiff responded with a motion to proceed in forma pauperis which was granted by the Court. [4]; August 19, 2016 Text Order.  Plaintiff has also filed a motion for leave to amend his complaint which is granted pursuant to Federal Rule of Civil Procedure 15.[6]

     The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies eight Defendants including Adams County Jail Correctional Officers Odear, Venverloh, Wear, Robbins, Boden, Graham, Hathaway and Curran. Plaintiff says when he entered the jail in September of 2015, he was asked if he had any enemies within the jail for housing purposes. Plaintiff identified two brothers and consequently, he was housed in separate area of the jail.

On October 1, 2015, one of brothers on Plaintiff's enemies list was moved to Plaintiff's unit. Plaintiff immediately filed a grievance and informed Officer Graham. The officer said she would check the jail records, but he was not moved. The next day, Plaintiff again alerted Officer Graham and Plaintiff was moved.

On January 1, 2016, Plaintiff says Officers Hathaway and Curan moved Plaintiff to a different area of the jail where the two brothers were housed. The brothers immediately began yelling threats at the Plaintiff. When Plaintiff was in the middle of the unit, the two brothers assaulted him in view of the prison security camera. After Plaintiff pounded on the door, Officers Cumin and Mast moved Plaintiff from the area. Plaintiff suffered multiple bruises, bite marks and a broken tooth.

Plaintiff claims all the named Defendants were deliberately indifferent to his health and safety when they failed to protect him from the assault. Plaintiff claims he told all of the officers when he entered the jail about his two enemies. However, only officers who knew Plaintiff was then housed with the two brothers could be liable for his claims. In addition, Plaintiff admits he was moved after he alerted Officer Graham on October 1, 2016. Although he was not moved as

quickly as he would have preferred, he has not stated a constitutional violation based on this incident.

As for the January 1, 2016 assault, Plaintiff claims Defendants Hathaway and Curan knew about his enemies list, but still moved him to the same unit as the two brothers.  It is not clear if the two officers who moved Plaintiff after the assault, Cumin or Mast, knew Plaintiff had been placed in the unit, but in any event they are not names as Defendants.

Attached to Plaintiff's amended complaint is a motion for appointment of counsel. (Doc. #6, p. 13). The Plaintiff has no constitutional or statutory right to the appointment of counsel in this case. In considering the Plaintiff's motion, the Court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). The Plaintiff has not provided any evidence demonstrating he has attempted to find counsel on his own such as a list of attorneys contacted or copies of letters sent or received. Therefore, the motion is denied with leave to renew.

IT IS THEREFORE ORDERED that:

> 1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Hathaway and Curan  were deliberately indifferent to Plaintiff's safety when they failed to protect him from an inmate assault on January 1, 2016.  The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

10) Plaintiff's motion for appointment of counsel is denied with leave to renew.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion to amend his complaint, [6]; 2) Add Defendants Hathaway and Curan and dismiss all other Defendants; 3) Deny Plaintiff's motion for a status update as moot., [7]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of**

**this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 19th day of December, 2016

/s/ Harold A. Baker

_____

HAROLD A. BAKER

UNITED STATES DISTRICT JUDGE